[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12229
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20368-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUNDRICE MOSS,
a.k.a. Nicalaunto Moss,
a.k.a. Dre,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 3, 2015)

Before TJOFLAT, JULIE CARNES, and BLACK, Circuit Judges.

PER CURIAM:

Aundrice Moss ("Defendant") appeals his 180-month sentence, which the district court imposed after he pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Defendant argues that the district court erred by enhancing his sentence under the Armed Career Criminal Act ("ACCA") because his two prior convictions for possession of cocaine with the intent to sell or deliver, in violation of Fla. Stat. § 893.13(1)(a), did not qualify as ACCA-predicate "serious drug offense[s]." We disagree, and affirm Defendant's sentence.

## I. Background

After Defendant entered his guilty plea, the probation office prepared Defendant's presentence investigation report ("PSI"). The probation officer calculated an initial base offense level of 26, under U.S.S.G. § 2K2.1(a)(1), because Defendant's offense involved a semi-automatic weapon capable of accepting a large-capacity magazine and he had at least two prior felony convictions for a crime of violence or controlled substance offense. Because he had trafficked in firearms, Defendant received a four-level enhancement under § 2K2.1(b)(5), resulting in an offense level of 30. The probation officer also determined that Defendant was an armed career criminal subject to an offense level of 33 under § 4B1.4(b)(3)(B), because he had one prior conviction for a violent felony and three prior convictions for serious drug offenses. The probation officer

2

then applied a three-level acceptance-of-responsibility reduction, pursuant to § 3E1.1(a) and (b), yielding a total offense level of 30.

Defendant qualified for a criminal history category of VI, based on both his numerous criminal convictions and on his armed career criminal status. As relevant here, the PSI noted that Defendant had two September 2011 convictions for possession of cocaine with the intent to sell or deliver, in violation of Fla. Stat. § 893.13(1)(a). Based on a total offense level of 30 and his criminal history category of VI, Defendant's initial guideline range was 168 to 210 months' imprisonment. However, as an armed career criminal, Defendant was subject to a statutory minimum 15-year (180-month) term of imprisonment. *See* 18 U.S.C. § 924(e)(1). Thus, Defendant's guideline range became 180 to 210 months' imprisonment.

Prior to and during his sentencing hearing, Defendant objected to the ACCA sentence enhancement. Defendant argued that his prior § 893.13(1)(a) convictions did not qualify as ACCA-predicate offenses because they failed to meet that statute's definition of "serious drug offense[s]." According to Defendant, his convictions failed to meet that definition because § 893.13(1)(a) did not require the defendant's knowledge of the illicit nature of the controlled substance he possessed. The district court overruled this objection and sentenced Defendant to imprisonment for 180 months.

## II. Discussion

As he did before the district court, Defendant argues on appeal that his two prior § 893.13(1)(a) convictions do not qualify as ACCA-predicate "serious drug offense[s]." Defendant contends that, when applying the categorical approach, his § 893.13(1)(a) convictions do not fit within the generic federal definition of a "serious drug offense" because under Florida law, unlike federal law, the State is not required to prove that the defendant had knowledge of the illicit nature of the controlled substance he possessed. We review *de novo* whether a defendant's prior conviction qualifies as a predicate offense under the ACCA. *United States v. Smith*, 742 F.3d 949, 952 (11th Cir. 2014).

Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum, 15-year sentence if he has three prior convictions for a violent felony or "serious drug offense." 18 U.S.C. § 924(e)(1). A "serious drug offense" is defined as "(i) an offense under the Controlled Substances Act, . . . or (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(i), (ii).

Defendant's argument that his § 893.13(1)(a) conviction for possessing cocaine with the intent to sell or deliver is not a "serious drug offense" under the

4

ACCA is squarely foreclosed by this Court's recent precedent. *See United States v. Smith*, __ F.3d __, 2014 WL 7250963, at \*5 (11th Cir. Dec. 22, 2014) (holding that a conviction under § 893.13(1) is a "serious drug offense" as defined in 18 U.S.C. § 924(e)(2)(A)). "We are bound by prior panel decisions unless or until we overrule them while sitting *en banc*, or they are overruled by the Supreme Court." *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). Accordingly, we affirm Defendant's 180-month sentence.

    **AFFIRMED.**