[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12608

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

AUNDRICE MOSS,
a.k.a. Nicalaunto Moss,
a.k.a. Dre,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:13-cr-20368-JLK-1

———————————————

Before JORDAN, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Aundrice Moss, a federal prisoner at USP Yazoo City, appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c). We discern no error in the district court's order denying Defendant's motion, and thus affirm.

## BACKGROUND

In 2013, Defendant was indicted and pled guilty to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Based on the factual proffer submitted in support of Defendant's guilty plea, law enforcement obtained evidence during an undercover investigation conducted in Miami Gardens, Florida between 2012 and 2013 that Defendant had participated in several transactions involving the sale of guns and ammunition. At some point during the investigation, undercover officers arranged to purchase a pistol and ammunition from Defendant, and that transaction was completed and captured on audio and video tape. At the time of the transaction, Defendant was a convicted felon with three prior felony convictions for a "serious drug offense" as that term is defined by the Armed Career Criminal Act ("ACCA"), including a 1993 conviction for possessing

with intent to distribute cocaine and two separate 2011 convictions for possessing with intent to sell or deliver cocaine.

Based on his prior drug convictions and other offenses, the PSR classified Defendant as an armed career criminal and assigned him a criminal history category of VI. The district court determined that Defendant qualified as an armed career criminal with a guidelines range of 180 to 210 months, and it sentenced him to 180 months. This Court affirmed Defendant's conviction and sentence on appeal. *See United States v. Moss*, 592 F. App'x 914 (11th Cir. 2015). In its opinion, the Court rejected Defendant's argument that his prior drug convictions did not qualify as "serious drug offenses" under the ACCA. *See id.* at 916.

In 2016, Defendant filed a 28 U.S.C. § 2255 motion, in which he again challenged his ACCA enhancement and argued that his sentence should be vacated under the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015).[1] A magistrate judge issued a report and recommendation ("R&R") concluding that the PSR correctly identified three prior "serious drug" offenses pursuant to the ACCA and recommending that Defendant's § 2255

---

[1] In *Johnson*, the Supreme Court invalidated the residual clause of the ACCA, which defined the term "violent felony" for purposes of the ACCA to include a felony involving "conduct that presents a serious potential risk of physical injury to another." *See Johnson*, 576 U.S. at 594, 606 (quotation marks omitted).

motion be denied. The district court adopted the R&R and declined to issue a certificate of appealability.

In December 2020, Defendant filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (the "First Step Act"). That statute authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and if the defendant's release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable Guidelines policy statements. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[2] In support of his motion, Defendant cited the COVID pandemic and noted that his high cholesterol increased his risk of serious illness from COVID, and he also argued that he should be released to care for his mother because her health was declining. The district court denied Defendant's first motion without prejudice because he did not exhaust his administrative remedies by requesting compassionate release from the warden of his institution.

Defendant subsequently exhausted his administrative remedies[3] and filed a second motion asking the court to reduce his

---

[2] The statute also includes a provision authorizing a sentence reduction under certain circumstances if "the defendant is at least 70 years of age" but it is undisputed that provision does not apply here. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

[3] Defendant submitted a request for compassionate release to the warden in November 2020, and the warden denied relief in June 2021, noting that Defendant's medical records showed he did not suffer from any chronic medical

sentence pursuant to § 3582(c).  In his second motion, Defendant argued that he was entitled to a sentence reduction because the First Step Act amended the Controlled Substances Act ("CSA") by replacing the term "felony drug offense" in the CSA with the term "serious drug felony."  The new language requires a defendant to have served over a year in jail on a drug conviction for the conviction to qualify as a predicate for certain CSA sentencing enhancements.  *See* First Step Act § 401(a).  According to Defendant, the amendment applied not only to the CSA's penalty provision but also to the ACCA's definition of a "serious drug offense"—meaning that two of Defendant's prior Florida drug convictions no longer qualified as ACCA predicates.  Defendant also reasserted in his second motion the argument that he should be released in order to care for his mother, who is in poor health.  In addition, Defendant referenced in his motion—but did not extensively discuss—the COVID pandemic and the BOP's "dismal" response to it.

The district court denied Defendant's second motion on the merits.  The court first rejected Defendant's statutory language argument, holding that the First Step Act did not amend or otherwise change the ACCA's definition of a "serious drug offense" and, consequently, that Defendant's prior drug convictions still qualified as ACCA predicates.  In addition, the court determined that Defendant had not asserted a medical condition that qualified as an

condition and that his request to care for his mother did not meet the statutory criteria for compassionate release for non-medical reasons.

extraordinary and compelling reason for his compassionate release, and that his mother's condition did not constitute the "death or incapacitation of the caregiver of the defendant's minor child or . . . spouse" as required to qualify for early release under the "family circumstances" provision of § 3582(c). Finally, the court stated in its order that the § 3553(a) sentencing factors weighed against Defendant's early release.

Defendant appeals, arguing that the district court abused its discretion by denying his motion for compassionate release. As discussed below, we discern no error in the court's order and thus affirm.

## DISCUSSION

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Once eligibility is established, we review the denial of a defendant's § 3582(c) motion under the abuse of discretion standard. *See id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)). The abuse of discretion standard allows the district court a "range of choice" that we will not reverse "just because we might have come to a different conclusion had it been our call to make." *See id.* at 912 (quotation marks omitted).

As amended by the First Step Act, § 3582(c) authorizes the district court to reduce a defendant's sentence if the court finds that:  (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is consistent with the sentencing factors of § 3553(a) and the "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The relevant policy statement, found in USSG § 1B1.13, echoes the statutory requirements, stating that a district court may reduce a defendant's sentence "if, after considering the factors set forth in . . . § 3553(a)," the court determines that:  (1) "[e]xtraordinary and compelling reasons warrant the reduction" and (2) "[t]the [d]efendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13.  *See also United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that "1B1.13 is an applicable policy statement for all [§ 3582(c)] motions" and that district courts do not have discretion "to develop other reasons that might justify a reduction in a defendant's sentence" (quotation marks omitted)); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (listing three necessary conditions for a sentence reduction under § 3582(c):  support in the § 35553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement).

The district court denied Defendant's § 3582(c) motion for two reasons.  First, the court found that Defendant had failed to show extraordinary and compelling reasons for his release.  Alternatively, the court determined that the § 3553(a) sentencing factors

militated against Defendant's release because of his lengthy criminal history. Either ground is adequate to support the court's decision to deny Defendant's § 3582(c) motion.

As to the first ground, we agree with the district court that Defendant did not provide any support for the claim that an extraordinary and compelling reason justifies his early release from prison. The relevant policy statement identifies two extraordinary and compelling reasons that are potentially implicated here based on the claims made in Defendant's motion. *See* U.S.S.G. § 1B1.13 cmt. n.1(A), (C). First, a prisoner's medical condition can give rise to an extraordinary and compelling reason for compassionate release if the prisoner can show that he is suffering either from a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes [his] ability . . . to provide self-care" in prison and "from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Second, a prisoner's family circumstances can create an extraordinary and compelling reason for early release based on the "death or incapacitation of the caregiver of the [prisoner's] minor child" or the "incapacitation of the [prisoner's] spouse or registered partner when the [prisoner] would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C).[4]

---

[4] A sentence reduction is also permitted by the applicable policy statement under certain circumstances if the prisoner is at least 65 years old but, again, Defendant does not claim that provision applies to him. *See* U.S.S.G. § 1B1.13 cmt. n.1(B). Further, the policy statement contains a catch-all provision that

The district court correctly determined that Defendant does not meet the standard for early release set out in either of the above provisions.  Defendant vaguely references the COVID pandemic as a reason for his release, but he makes no showing that he has a "terminal illness" or other "serious . . . condition" that "substantially" interferes with his ability to provide self-care in prison, as required by the applicable policy statement.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A).  As for Defendant's claim that he needs to care for his mother, caregiving responsibilities only constitute an extraordinary and compelling reason for early release in situations involving the death or incapacitation of the caregiver of a defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant is the only available caregiver for the spouse or partner.  *See* U.S.S.G. § 1B1.13 cmt. n.1(C).  Neither situation applies here.

Finally, there is no authority to support Defendant's argument that the First Step Act's amendment of the term "felony drug offense" in the CSA somehow changes the meaning of the term "serious drug offense" as defined by the ACCA.  Indeed, the Government has noted that this Court has rejected this argument,

---

allows the BOP to find other extraordinary and compelling reasons for a particular prisoner's early release, but this Court has held that only the BOP—as opposed to the court—has the authority to determine that release is warranted under the catch-all provision.  *See Bryant*, 996 F.3d at 1263 ("We cannot replace the phrase '[a]s determined by the Director of the [BOP]' with 'as determined by a district court.'").

noting that the referenced amendment applies solely to the CSA and that it leaves "untouched the definitions of the ACCA's predicate offenses." *United States v. Wims*, 836 Fed. App'x 793, 796 (11th Cir. 2020). *See also United States v. Smith*, 798 Fed. App'x 473, 476 (11th Cir. 2020) (holding same). Admittedly, *Wims* and *Smith* are unpublished cases, and therefore constitute only persuasive authority. Nevertheless, Defendant has cited no published case calling into question the reasoning of these cases nor offered any convincing argument disputing their reasoning.

Furthermore, and even assuming Defendant were correct about the First Step Act amendment, such a change is not an authorized basis for relief under § 3582(c) and its governing policy statement. As this Court held in *Bryant*, courts do not have discretion to grant a motion for compassionate release based on an extraordinary and compelling reason that is not contemplated by the policy statement. *See Bryant*, 996 F.3d at 1248 (stating that courts are not authorized "to develop other reasons that might justify a reduction in a defendant's sentence" (quotation marks omitted)). Defendant's argument that the district court and this Court are "unrestrained" by U.S.S.G. § 1B1.13 in applying the extraordinary and compelling reason standard—and that the courts could therefore grant relief under § 3582(c) based on his statutory argument— is foreclosed by this Court's binding precedent in *Bryant*. *See id.*

Defendant's failure to demonstrate an extraordinary and compelling reason for his early release is enough, in and of itself, to foreclose a sentence reduction under § 3582(c). *See Giron*, 15 F.4th

at 1347 ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public."). But the district court also held, in the alternative, that Defendant's release was not consistent with the § 3553(a) factors. Defendant argues his early release is supported by the § 3553(a) factors because of his rehabilitative efforts while incarcerated. The district court was within its discretion to reject Defendant's argument on this point given Defendant's lengthy criminal record, which includes multiple arrests since Defendant was 15 years old for theft, unlawful possession of weapons and drugs, possessing with intent to sell drugs, resisting arrest, and battery on a police officer, among other crimes. *See United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (noting that "discretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history").

## CONCLUSION

As the movant, Defendant had the burden of establishing his entitlement to early release under § 3582(c). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). The district court correctly held that Defendant failed to meet that burden here. Furthermore, the court acted within its discretion in holding, in the alternative, that the § 3553(a) sentencing factors do not support Defendant's release. For both reasons, the district court's order denying Defendant's § 3582(c) motion is **AFFIRMED.**